Robert J. Henry, WSBA #6171
Mario A. Bianchi, WSBA #31742
LASHER HOLZAPFEL
SPERRY &EBBERSON PLLC
601 Union St., Suite 2600
Seattle, WA 98101

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>VADIM SCHERBININ and VALENTINA SCHERBININ, husband and wife and their marital community,<br><br>Debtors.<br><br>DENIS CHURIN and MARINA BAKHMET, husband and wife; and EQUULEUS REI, LLC, a Washington limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>VADIM SCHERBININ and VALENTINA SCHERBININ, husband and wife and their marital community,<br><br>Defendants. | Bankruptcy No. 20-13012-TWD<br><br>Adversary No. _____<br><br>COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(2) AND 11 U.S.C. §523 (a)(4) |

Plaintiffs Denis Churin, Marina Bakhmet and Equuleus REI, LLC, by and through their attorneys, Robert J. Henry and Mario A. Bianchi of Lasher Holzapfel Sperry & Ebberson PLLC, allege as follows:

COMPLAINT OBJECTING TO DISCHARGEABILITY
OF DEBT UNDER 11 U.S.C. § 523(a)(2) AND
11 U.S.C. §523(a)(4) - 1
{17899/30020/V1497664.DOCX}



ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

## I. JURISDICTION AND VENUE

1.1 This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

1.2 Venue is proper in this district pursuant to 28 U.S.C. § 1409.

1.3 The substantive rights of the parties in this proceeding are governed by Title 11 of the U.S. Code (hereinafter "Bankruptcy Code"), the laws of the State of Washington to the extent such law is not displaced by the Bankruptcy code, and other federal law.

## II. PARTIES

2.1 Plaintiffs Denis Churin and Marina Bakhmet are husband and wife and are residents of King County, Washington. They comprise a marital community under the laws of the State of Washington.

2.2 Plaintiff Equuleus REI, LLC is a Washington limited liability company which has paid all its fees and licenses owing to the State of Washington and is qualified to bring this action. Plaintiffs Churin and Bakhmet are the sole members of Equuleus REI, LLC.

2.3 Defendants Vadim Scherbinin and Valentina Scherbinin are husband and wife and comprise a marital community under the laws of the State of Washington. All acts and omissions of Vadim Scherbinin alleged herein were done on behalf of and for the benefit of his marital community.

## III. FACTS

3.1 Defendant Vadim Scherbinin has been engaged for many years in the development of real property and the construction of new single family residences. Upon information and belief, he typically uses a separate limited liability company as a vehicle to purchase the land and develop each new residence. The vehicle in this case was called Pacific Investors Group LLC. Because defendants Scherbinin routinely use their limited liability companies to borrow more money than the property under construction is worth, each limited liability company becomes insolvent and is unable to repay monies loaned to it.

3.2 In 2018, defendant Vadim Scherbinin was developing the real property and building

COMPLAINT OBJECTING TO DISCHARGEABILITY
OF DEBT UNDER 11 U.S.C. § 523(a)(2) AND
11 U.S.C. §523(a)(4) - 2
{17899/30020/V1497664.DOCX}

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

a single family residence located at 10117 SE 8th Street in Bellevue, King County, WA. Upon information and belief, defendants changed the street address of the property and it is now known as 809 101st Place SE in Bellevue. The legal address of the single family residence in Bellevue variously referred to as 10117 SE 8th St. and 809 101st Pl. SE (hereinafter referred to as "the Property") is attached hereto as **Exhibit A** and incorporated herein by this reference.

3.3   Plaintiffs met Vadim Scherbinin in 2015 or 2016 when they were thinking of building a new house for themselves. In or about July 2018, defendant Vadim Scherbinin approached plaintiffs Churin and Bakhmet and asked to borrow money from them for the construction upon the Property.

3.4   Plaintiffs agreed to loan $250,000 to the defendants for the construction upon the Property. Plaintiffs transferred the sum of $250,000 to defendant Vadim Scherbinin on or about July 10, 2018. On that date, defendant Vadim Scherbinin executed a promissory note on behalf of Pacific Investors Group, LLC promising to repay the sum of $250,000, with interest, to plaintiff Equuleus REI, LLC. A copy of the promissory note (the "Note") is attached hereto as **Exhibit B** and incorporated herein by this reference.

3.5   On the same day, July 10, 2018, defendant Vadim Scherbinin executed a Deed of Trust (the "Deed of Trust") on behalf of Pacific Investors Group, LLC granting a security interest in the Property to Equuleus REI, LLC to secure the repayment of the Note. A copy of the Deed of Trust is attached hereto as **Exhibit C** and incorporated herein by this reference.

3.6   The Deed of Trust in favor of plaintiff Equuleus REI, LLC was recorded in the King County Records on July 11, 2018 under recording number 20180711000370. The Note was also recorded on July 11, 2018, under King County recording number 20180711000371.

3.7   Prior to the plaintiffs agreeing to loan money to defendants, and for the purpose of inducing the plaintiffs to agree to make the loan, defendant Vadim Scherbinin specifically represented to the plaintiffs that they would receive a <u>second position</u> deed of trust in the Property to secure the loan. This representation was demonstrably false at the time it was made because the defendants had already executed and recorded <u>two</u> deeds of trust encumbering the Property. One

COMPLAINT OBJECTING TO DISCHARGEABILITY
OF DEBT UNDER 11 U.S.C. § 523(a)(2) AND
11 U.S.C. §523(a)(4) - 3
{17899/30020/V1497664.DOCX}

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

of the senior deeds of trust against the Property, in favor of Alexey Maykov, was recorded on December 27, 2017 under King County recording number 20171227000630. That deed of trust secured repayment of a loan by Maykov in the principal amount of $172,000. The other senior deed of trust encumbering the Property, in favor of WADOT Capital, Inc., was recorded on June 19, 2018 under King County recording number 20180619001190. That deed of trust secured a loan in the principal amount of $2,450,000. In other words, at all times that defendant Vadim Scherbinin was seeking to borrow money from the plaintiffs and to induce them to loan money with promises of a second position deed of trust, said defendant knew he could not give the plaintiffs a second position deed of trust because he had already granted two deeds of trust encumbering the Property to other lenders.

3.8     In addition to the false oral representations to the plaintiffs that they could and would receive a second position deed of trust, defendant Vadim Scherbinin also made the same false representation in writing when he furnished the plaintiffs with a written description of the Property which represented that the Property was encumbered by one deed of trust, the one recorded in June 2018, but failed to disclose that there was a second deed of trust, the one recorded in December 2017. Said writing also falsely represented that the single encumbrance against the Property was in the amount of only $2,075,000.

3.9     The verbal and written representations and omissions alleged in the preceding paragraphs were misrepresentations or omissions of existing facts. Each misrepresentation and omission was material and each was false. Defendant Vadim Scherbinin knew that the representations and omissions were false but nonetheless intended that plaintiffs rely upon them for Vadim Scherbinin's benefit and to the plaintiffs' detriment. The plaintiffs were not aware of the falsity of the representations and omissions made by said defendant, and they did reasonably rely upon them. The plaintiffs would not have loaned $250,000 to the defendants if they knew there were already two loans encumbering the property and that they would not be granted a second position deed of trust. The importance of this security to the plaintiffs is demonstrated by the fact that plaintiffs Bakhmet personally took both the Note and the Deed of Trust to the King County

COMPLAINT OBJECTING TO DISCHARGEABILITY
OF DEBT UNDER 11 U.S.C. § 523(a)(2) AND
11 U.S.C. §523(a)(4) - 4
{17899/30020/V1497664.DOCX}

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

Record and recorder them both. The plaintiffs were damaged by the defendants' misrepresentations, in an amount exceeding the $250,000 unpaid principal balance of the Note. Thus, the plaintiffs meet all nine elements of fraud, as defined in the case law of the State of Washington.

3.10 In addition to the false representations by defendant Vadim Scherbinin regarding his ability and intention to grant the plaintiffs a second position deed of trust, and his fraudulent omission of the fact that there were already two prior deeds of trust against the Property, said defendant also represented to the plaintiffs that the principal sum of the $250,000 loan he was requesting would be used for the completion of the residence upon the Property, thereby enhancing said Property and adding to its value as collateral for the loan.

3.11 Upon information and belief, defendants did not use the $250,000 borrowed from the plaintiffs to pay for work upon the Property, but instead either kept the money for their personal use and benefit, or transferred the money to another of their single-asset limited liability companies other than Pacific Investors Group, LLC, thereby putting the money out of the reach of the plaintiffs.

3.12 The representations by defendant Vadim Scherbinin regarding the purpose of the $250,000 loan and the intended use of the funds were false at the time they were made and said defendant knew them to be false, as shown by the fact that defendants closed a construction loan from a commercial lender in the amount of $2,450,000 less than a month before borrowing the $250,000 from the plaintiffs. The purpose of the commercial loan was to build the residence on the Property, and most of the commercial loan proceeds were still undisbursed when defendants borrowed from plaintiffs, so the $250,000 loan was clearly not needed or intended to complete the construction on the Property.

3.13 The false representations regarding the purpose of the loan and the intended use of the funds were material. Defendant Vadim Scherbinin knew that the representations were false and intended that plaintiffs rely upon them. The plaintiffs were ignorant of the falsity of the representations and did reasonably rely upon them. The plaintiffs were damaged by these false representations in an amount exceeding the unpaid principal balance of the Note. Therefore, these misrepresentations also meet the nine-element definition of fraud under the laws of the State of

COMPLAINT OBJECTING TO DISCHARGEABILITY
OF DEBT UNDER 11 U.S.C. § 523(a)(2) AND
11 U.S.C. §523(a)(4) - 5
{17899/30020/V1497664.DOCX}

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

Washington.

3.14 The loan to Pacific Investors Group, LLC by the plaintiffs was not repaid according to the terms of the Note. The plaintiffs have received no repayment whatsoever. Plaintiffs commenced a foreclosure of their deed of trust but one of the superior lenders foreclosed the property and wiped out the plaintiffs' security interest.

IV. DEBT OWED IS NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523(a)(2)(A)

4.1 Plaintiffs reallege and incorporate by this reference all allegations set forth above.

4.2 The actions of defendant Vadim Scherbinin alleged above, and in particular the false representation that he would grant a second position deed of trust, his intentional omission of the fact that there were already two deeds of trust encumbering the Property, his false representation regarding the amount of the debt encumbering the Property, and his false representations regarding the purpose of the loan and the use of funds, were all used by the defendants to obtain money from the plaintiffs by false pretenses, false representations and actual fraud.

4.3 Plaintiffs are entitled to a money judgment against the defendants for the principal amount of the Note, together with all accrued interest, reasonable attorney fees and court costs. Plaintiffs are further entitled to a determination that the debt owed to them by defendants is non-dischargeable under 11 U.S.C. § 523(a)(2)(A).

V. DEBT OWED IS NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523(a)(2)(B)

5.1 Plaintiffs reallege and incorporate by this reference all allegations set forth above.

5.2 The actions of defendant Vadim Scherbinin alleged above, and in particular providing to plaintiffs a material false written statement that the Property was encumbered by a single loan in the amount of $2,075,000 constitutes the use of a material writing regarding the debtors' or an insider's financial condition. This writing was made and provided by defendants with the intent to deceive the plaintiffs, who reasonably relied upon it when they loaned money to defendants.

5.3 Defendants are entitled to a money judgment against the defendants for the principal amount of the Note, together with all accrued interest, reasonable attorney fees and court costs.

COMPLAINT OBJECTING TO DISCHARGEABILITY
OF DEBT UNDER 11 U.S.C. § 523(a)(2) AND
11 U.S.C. §523(a)(4) - 6
{17899/30020/V1497664.DOCX}

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

Plaintiffs are further entitled to a determination that the debt owed to them by defendants is non-dischargeable under 11 U.S.C. § 523(a)(2)(B).

## VI. DEBT OWED IS NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523(a)(4)

6.1 Plaintiffs reallege and incorporate by this reference all allegations set forth above.

6.2 The actions of defendant Vadim Scherbinin alleged above constitute embezzlement or larceny, and plaintiffs are therefore entitled to a determination that the debt owed to them is non-dischargeable under 11 U.S.C. § 523(a)(4).

## VII. PRAYER FOR RELIEF

1. For a money judgment against defendants Vadim Scherbinin and Valentina Scherbinin, husband and wife, and their marital community in the principal amount of $250,000 together with all accrued interest through the date of judgment at the rate specified in the Promissory Note.

2. For judgment that the indebtedness of Vadim Scherbinin and Valentina Scherbinin to the plaintiffs is non-dischargeable under 11 U.S.C. § 523(a)(2) and § 523(a)(4).

3. For plaintiffs' reasonable attorney fees pursuant to the terms of the Promissory Note.

4. For plaintiffs' court costs.

5. For such other and further relief as this Court deems just and equitable.

Dated this 9th day of February 2021.

LASHER HOLZAPFEL SPERRY & EBBERSON PLLC

By_____
Robert J. Henry, WSBA #6171
Mario A. Bianchi, WSBA #31742
Attorneys for Plaintiffs Denis Churin, Marina Bakhmet and Equuleus REI, LLC

COMPLAINT OBJECTING TO DISCHARGEABILITY
OF DEBT UNDER 11 U.S.C. § 523(a)(2) AND
11 U.S.C. §523(a)(4) - 7
{17899/30020/V1497664.DOCX}

LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563



**Trustee's Sale Guarantee
Issued By
Title Resources Guaranty Company**

## EXHIBIT A

## LEGAL DESCRIPTIONS

Order No.: **40243156-800-T35**　　　　　　　　　　　　　　　　Guarantee No.: **40243156-1-E**

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF KING, STATE OF WASHINGTON, AND IS DESCRIBED AS FOLLOWS:

THE EAST 66 FEET OF LOTS 25, 26, 27 AND 28 IN BLOCK 4 OF C.R. MYER'S FIRST ADDITION TO MOORLAND, AS PER PLAT RECORDED IN VOLUME 5 OF PLATS, PAGE 5, RECORDS OF KING COUNTY AUDITOR;

SITUATE IN THE CITY OF BELLEVUE, COUNTY OF KING, STATE OF WASHINGTON.

APN: 5739600546

THE ADDRESS FOR THE EXHIBIT "A" ABOVE IS AS FOLLOWS:

809 101st Pl SE Bellevue, WA 98004

THE PROPERTY ADDRESS SHOWN ABOVE IS NOT PART OF THE LEGAL DESCRIPTION
FOR THE TITLE TO THE LAND TO BE INSURED.



EXHIBIT A

# PROMISSORY NOTE

*July 10th, 2018*

Amount: $250,000.00 (TWO HUNDRED FIFTY THOUSAND DOLLARS)

*Bellevue, WA*

FOR VALUE RECEIVED,

*PACIFIC INVESTORS GROUP, LLC*, a Washington Limited Liability Company, whose address is:

*P. O. Box 50302, Bellevue, WA 98015*, hereinafter *"Maker"*,

Promises to pay to:

*EQUULEUS RE I, LLC*, a Washington Limited Liability Company, whose address is:

*601 Union Square, Suite 2600, Seattle, WA 98101*, hereinafter *"Holder"* .

the principal sum of *TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00)*, with *(12%)* interest thereon starting from *10th day of July, 2018* on the unpaid principal at the rate of *twelve percent (12%)* Simple Annual INTEREST and ended on a sale of the following new construction:

*10117 SE 8th Street, Bellevue, WA 98004*

Parcel Number: *573960-0546*

Legal Description:

**MYERS C R 1ST ADD TO MOORLAND E 66 FT**

_____  _____
Maker (Initials)           Holder (Initials)

LPB 28A-05
Page 1 of 3


EXHIBIT B

**DUE DATE:** The entire balance of the promissory note secured by this Deed of Trust, together with any and all interest accrued thereon, shall be due and payable in full on Property Sale above, but not later than July 10th, 2019, or whatever shall come first.

**DEFAULT INTEREST:** After maturity, or failure to make any payment, any unpaid principal shall accrue interest at the rate of _EIGHTEEN_ percent (18%) per annum, during such period of Maker's default under this Note.

**PREPAYMENT:** Maker may prepay all or part of the balance owed under this Note with a minimum 6% interest.

**CURRENCY:** All principal and interest payments shall be made in lawful money of the United States.

**DUE ON SALE:** If this Note is secured by a Deed of Trust or any other instrument securing repayment of this Note, the property described in such security instruments may not be sold or transferred without the Holder's consent. Upon breach of this provision, Holder may declare all sums due under this Note immediately due and payable, unless prohibited by applicable law.



_____  _____
Maker (Initials)                Holder (Initials)

**ATTORNEYS' FEES AND COSTS:** Maker shall pay all costs incurred by Holder in collecting sums due under this Note after a default, including reasonable attorneys' fees, whether or not suit is brought. If Maker or Holder sues to enforce this Note or obtain a declaration of its rights hereunder, the prevailing party in any such proceeding shall be entitled to recover its reasonable attorneys' fees and costs incurred in the proceeding (including those incurred in any bankruptcy proceeding or appeal) from the non-prevailing party.

**NON-WAIVER:** No failure or delay by Holder in exercising Holder's rights under this Note shall be a waiver of such rights.

**SEVERABILITY:** If any clause or any other portion of this Note shall be determined to be void or unenforceable for any reason, such determination shall not affect the validity or enforceability of any other clause or portion of this Note, all of which shall remain in full force and effect.

**INTEGRATION:** There are no verbal or other agreements which modify or affect the terms of this Note. This Note may not be modified or amended except by written agreement signed by Maker and Holder.

**CONFLICTING TERMS:** In the event of any conflict between the terms of this Note and the terms of any Deed of Trust or other instruments securing payment of this Note, the terms of this Note shall prevail.

_____  _____
Maker (Initials)                Holder (Initials)

LPB 28A-05
Page 2 of 3

ORAL AGREEMENTS: ORAL AGREEMENTS OR ORAL COMMITMENTS TO LOAN MONEY, TO EXTEND CREDIT, OR TO FOREBEAR FROM ENFORCING REPAYMENT OF A DEBT ARE NOT ENFORCEABLE UNDER WASHINGTON LAW.

DEFINITIONS: The word Maker shall be construed interchangeably with the words Borrower or Payer and the word Holder shall be construed interchangeably with the words Lender or Payee. In this Note, singular and plural words shall be construed interchangeably as may be appropriate in the context and circumstances to which such words apply.

ADDITIONAL TERMS AND CONDITIONS:

As set forth on the attached "Exhibit A" which is incorporated by this reference.

20. THIS NOTE IS SECURED BY DEED OF TRUST

Maker:

*PACIFIC INVESTORS GROUP, LLC,*

a Washington limited liability company

Its: Member

By: _____

Vadim Scherbinin, Member

Holder:

*EQUULEUS RE I, LLC,*

a Washington limited liability company

Its: Member

By: _____

Marina Bakhmet, Member

Maker's address for all notices given by Holder under this Note:
P. O. Box 50302, Bellevue, WA 98015

---

## DO NOT DESTROY THIS NOTE

WHEN PAID this original Note together with the Deed of Trust securing the same, must be surrendered to the Trustee for cancellation and retention before any conveyance can be processed.

_____          _____
Maker (Initials)                 Holder (Initials)

When recorded return to:

**EQUULEUS RE I, LLC**
*601 Union Square, Suite 2600,*
*Seattle, WA 98101*

# DEED OF TRUST
*(For use in the State of Washington only)*

**THIS DEED OF TRUST**, made this *10th day of July 2018*

between

as **GRANTOR, PACIFIC INVESTORS GROUP, LLC**, a Washington Limited Liability Company,
whose address is:
*P. O. Box 50302, Bellevue, WA 98015*

and

as **TRUSTEE, CW Title**, whose address is:
*19401 40th Ave W, Suite 140, Lynnwood, WA 98036*

and

as **BENEFICIARY, EQUULEUS RE I, LLC**, a Washington Limited Liability Company,
whose address is:
*601 Union Square, Suite 2600, Seattle, WA 98101*

WITNESSETH: Grantor(s) hereby bargain(s), sell(s), and convey(s) to Trustee in trust, with power of sale, the following described real property in King County, Washington at:

*10117 SE 8th Street, Bellevue, WA 98004*

Abbreviated Legal:

## MYERS C R 1ST ADD TO MOORLAND E 66 FT

Tax Parcel Number(s): *573960-0546*

which real property is not used principally for agricultural or farming purposes, together with all the tenements, hereditaments, and appurtenances now or hereafter thereunto belonging or in any wise appertaining, and the rents, issues, and profits thereof.

EXHIBIT C

This Deed of Trust is for the purpose of securing performance of each agreement of Grantor(s) contained in this Deed of Trust, and payment of the sum of *Two Hundred Fifty Thousand Dollars ($250,000.00)* with interest, in accordance with the terms of a promissory note of even date herewith, payable to Beneficiary or order, and made by Grantor(s), and all renewals, modifications, and extensions thereof, and also such further sums as may be advanced or loaned by Beneficiary to Grantor(s), or any of Grantor(s)' successors or assigns, together with interest thereon at such rate as shall be agreed upon.

**DUE DATE:** The entire balance of the promissory note secured by this Deed of Trust, together with any and all interest accrued thereon, shall be due and payable in full on Property Sale above, but not later than July 10th, 2019, or whatever shall come first.

To protect the security of this Deed of Trust, Grantor(s) covenant(s) and agree(s):

1. To keep the property in good condition and repair; to permit no waste thereof; to complete any building, structure, or improvement being built or about to be built thereon; to restore promptly any building, structure, or improvement thereon which may be damaged or destroyed; and to comply with all laws, ordinances, regulations, covenants, conditions, and restrictions affecting the property.

2. To pay before delinquent all lawful taxes and assessments upon the property; to keep the property free and clear of all other charges, liens, or encumbrances impairing the security of this Deed of Trust.

3. To keep all buildings now or hereafter erected on the property described herein continuously insured against loss by fire or other hazards in an amount not less than the total debt secured by this Deed of Trust. All policies shall be held by the Beneficiary, and be in such companies as the Beneficiary may approve and have loss payable first to the Beneficiary, as its interest may appear, and then to the Grantor(s). The amount collected under any insurance policy may be applied upon any indebtedness hereby secured in such order as the Beneficiary shall determine. Such application by the Beneficiary shall not cause discontinuance of any proceedings to foreclose this Deed of Trust. In the event of foreclosure, all rights of the Grantor(s) in insurance policies then in force shall pass to the purchaser at the foreclosure sale.

4. To defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of title search and attorney's fees in a reasonable amount, in any such action or proceeding, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

5. To pay all costs, fees, and expenses in connection with this Deed of Trust, including the expenses of the Trustee incurred in enforcing the obligation secured hereby and Trustee's and attorney's fees actually incurred, as provided by statute.

6. Should Grantor(s) fail to pay when due any taxes, assessments, insurance premiums, liens, encumbrances, or other charges against the property hereinabove described, Beneficiary may pay the same, and the amount so paid, with interest at the rate set forth in the note secured hereby, shall be added to and become a part of the debt secured in this Deed of Trust.

7. DUE ON SALE: (OPTIONAL — *Not applicable unless initialed by Grantor and Beneficiary.*) The property described in this security instrument may not be sold or transferred without the Beneficiary's consent. Upon breach of this provision, Beneficiary may declare all sums due under the note and Deed of Trust immediately due and payable, unless prohibited by applicable law.

_____  _____
Grantor initials                  Beneficiary initials

8. NO FURTHER ENCUMBRANCES: (OPTIONAL — Not applicable unless initialed by Grantor and Beneficiary.). As an express condition of Beneficiary making the loan secured by this Deed of Trust, Grantor shall not further encumber, pledge, mortgage, hypothecate, place any lien, charge or claim upon, or otherwise give as security the property or any interest therein nor cause or allow by operation of law the

encumbrance of the Trust Estate or any interest therein without the written consent of a Beneficiary even though such encumbrance may be junior to the encumbrance created by this Deed of Trust. Encumbrance of the property contrary to the provisions of this provision shall constitute a default and Beneficiary may, at Beneficiary's option, declare the entire balance of principal and interest immediately due and payable, whether the same be created by Grantor or an unaffiliated third party asserting a judgment lien, mechanic's or materialmen's lien or any other type of encumbrance or title defect.

_____          _____
Grantor initials                                              Beneficiary initials

IT IS MUTUALLY AGREED THAT:

1. In the event any portion of the property is taken or damaged in an eminent domain proceeding, the entire amount of the award or such portion as may be necessary to fully satisfy the obligation secured by this Deed of Trust shall be paid to Beneficiary to be applied to said obligation.

2. By accepting payment of any sum secured by this Deed of Trust after its due date, Beneficiary does not waive its right to require prompt payment when due of all other sums so secured or to declare default for failure to so pay.

3. The Trustee shall recovery all or any part of the property covered by this Deed of Trust to the person entitled thereto, on written request of the Grantor(s) and the Beneficiary, or upon satisfaction of the obligation secured and written request for re-conveyance made by the Beneficiary or the person entitled thereto.

4. Upon default by Grantor(s) in the payment of any indebtedness secured by this Deed of Trust or in the performance of any agreement contained in this Deed of Trust, all sums secured hereby shall immediately become due and payable at the option of the Beneficiary subject to any cure period provided in the note secured by this Deed of Trust. In such event and upon written request of Beneficiary, Trustee shall sell the trust property, in accordance with the Deed of Trust Act of the State of Washington, at public auction to the highest bidder. Any person except Trustee may bid at Trustee's sale. Trustee shall apply the proceeds of the sale as follows: (1) to the expense of the sale, including a reasonable Trustee's fee and attorney's fee; (2) to the obligation secured by this Deed of Trust; and (3) the surplus, if any, shall be distributed to the persons entitled thereto.

5. Trustee shall deliver to the purchaser at the sale its deed, without warranty, which shall convey to the purchaser all right, title and interest in the real and personal property which Grantor(s) had or had the power to convey at the time of the execution of this Deed of Trust, and such as Grantor(s) may have acquired thereafter. Trustee's deed shall recite the facts showing that the sale was conducted in compliance with all the requirements of law and of this Deed of Trust, which recital shall be prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchaser and encumbrancers for value.

6. The power of sale conferred by this Deed of Trust and by the Deed of Trust Act of the State of Washington is not an exclusive remedy; Beneficiary may cause this Deed of Trust to be foreclosed as a mortgage.

7. In the event of the death, incapacity, disability, or resignation of Trustee, or at the discretion of the Beneficiary, Beneficiary may appoint in writing a successor trustee, and upon the recording of such appointment in the mortgage records of the county in which this Deed of Trust is recorded, the successor trustee shall be vested with all powers of the original trustee. The trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of an action or proceeding in which Grantor(s), Trustee, or Beneficiary shall be a party unless such action or proceeding is brought by the Trustee.

8. This Deed of Trust applies to, inures to the benefit of, and is binding not only on the parties hereto, but on his/her/their heirs, devisees, legatees, administrators, executors, and assigns. The term Beneficiary shall mean the holder and owner of the note secured hereby, whether or not named as Beneficiary herein.

9. ADDITIONAL TERMS AND CONDITIONS: (check one)

   a. ( x ) None

   b. ( ) As set forth on the attached Exhibit _____ which is incorporated by this reference.

   (Note: If neither "a" nor "b" is checked, then option "a" applies.)

Grantor:

*PACIFIC INVESTORS GROUP, LLC,*

a Washington limited liability company

Its: Member

By: _____

Vadim Scherbinin, Member


STATE OF Washington
COUNTY OF King            ss.

I certify that I know or have satisfactory evidence that Vadim Scherbinin

(is/are) the person(s) who appeared before me, and said person(s) acknowledged that  he   signed this instrument, on oath stated that  he   authorized to execute the instrument and acknowledge it as the  member  of  Pacific Investors Group, LLC .  to be the free and voluntary act of such party(ies) for the uses and purposes mentioned in this instrument.

Dated: 7/10/2018.

Notary name printed or typed: Rosa M. Cortes.
Notary Public in and for the State of Washington.
Residing at Newcastle.
My appointment expires: 11/09/2020

REQUEST FOR FULL RECONVEYANCE - *Do not record. To be used only when note has been paid.*

TO: TRUSTEE

The undersigned is the legal owner and holder of the note and all other indebtedness secured by the within Deed of Trust. Said note, together with all other indebtedness secured by said Deed of Trust, has been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note above mentioned, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you thereunder.

Dated: _____        _____

                                                                   _____